UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: MATTHEW WHITE<br>                     Debtor.<br><br>MATTHEW WHITE,<br>                     Appellant,<br><br>v.<br><br>BRADLEY DAVIDSON,<br>                     Appellee. | Civil Action No. 22-11661-GAO<br><br>(Chapter 7 Case No. 17-41215-CJP)<br>(A.P. Case No. 17-04048-CJP) |

AMENDED ORDER
February 21, 2024

O'TOOLE, D.J.

Appellant Matthew White appeals the order of the United States Bankruptcy Judge entering judgment in favor of Appellee Bradley Davidson after a four-day bench trial. White contends on appeal that debt owed to him by Davidson was nondischargeable under 11 U.S.C. § 523(a). White's central argument is that the Bankruptcy Judge erred in his findings on multiple elements of his §§ 523(a)(2) and 523(a)(6) claims. Although at times White characterizes his arguments as a complaint about the Bankruptcy Judge's application of the law, his arguments about a purported misapplication of the law largely collapse into contentions that the Bankruptcy Judge's conclusions of fact were clearly erroneous.

After review of the parties' written submissions and oral arguments, I affirm the Bankruptcy Judge's conclusion that the debt at issue is dischargeable under §§ 523(a)(2) and 523(a)(6) for substantially the reasons articulated by the Bankruptcy Judge. See In re Brady-Zell, 756 F.3d 69, 71 (1st Cir. 2014) (noting that "when lower courts have supportably found the facts,

applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate"). The Bankruptcy Judge carefully evaluated the testimony and exhibits introduced in the four-day trial, made credibility determinations based on his first-hand observations, and wrote a careful, reasoned opinion rejecting White's claims based on the application of the appropriate legal standards. On review, particularly in light of the principle that the Bankruptcy Code is designed to give debtors a fresh start and that exceptions are to be narrowly construed, I am not "left with a definite and firm conviction that a mistake has been committed." See Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 573 (1986)).

As to White's assertion that the Bankruptcy Judge erred in finding that White had failed to prove various elements of his nondischargeability claims—e.g., reliance on any misrepresentations by Davidson, false pretenses, the requisite intent—the record reasonably supports the Bankruptcy Judge's determinations. See Sharfarz v. Goguen (In re Goguen), 691 F.3d 62, 69 (1st Cir. 2012) (describing clear error review as "requiring a 'strong, unyielding belief' that the bankruptcy judge made a mistake") (quoting Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir.1990)); see also Casper v. O'Sullivan (In re O'Sullivan), 630 B.R. 679, 687–88 (B.A.P. 1st Cir. 2021) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting Anderson, 470 U.S. at 574). As to White's arguments about the interpretation of the Exclusive Recording Agreement, an issue reviewed de novo, I agree with the Bankruptcy Judge's assessment that the integration clause undercuts White's claims of reliance and that the plain language of its terms gave Davidson wide discretion in the use of the funds without the restrictions argued by White. (See, e.g., App'x A-918 at ¶ 8(e).)

For the foregoing reasons, the Bankruptcy Judge's judgment is AFFIRMED, and the appeal is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge